**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| **CMC II, LLC**, *et al.*, | Case No. 21-10461 (JTD) |
| Debtors.[1] | (Jointly Administered) |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## CONSULATE MANAGEMENT COMPANY, LLC (CASE NO. 21-10465)

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers are as follows: CMC II, LLC (6973), Salus Rehabilitation, LLC (4037), 207 Marshall Drive Operations LLC (8470), 803 Oak Street Operations LLC (3900), Sea Crest Health Care Management, LLC (2940), and Consulate Management Company, LLC (5824). The address of the Debtors' corporate headquarters is 800 Concourse Parkway South, Maitland, Florida 32751.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CMC II, LLC *et al.*,[1] | Case No. 21-10461 (JTD) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND <u>STATEMENT OF FINANCIAL AFFAIRS</u>

### <u>INTRODUCTION</u>

CMC II, LLC and certain of its affiliates, the debtors and debtors-in-possession (the "**Debtors**" or the "**Company**") with the assistance of their advisors, have filed their Schedules of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs (the "**Statement**" and together with the Schedules, the "**Schedules and Statement**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and  Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of the Debtors' Schedules and Statement. The Global Notes should be referred to, considered and reviewed in connection with any review of the Schedules and Statement.

The Schedules and Statement do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of the Debtors (whether publicly filed or otherwise). Additionally, the Schedules and Statement contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of the Debtors on an unconsolidated basis.

In preparing the Schedules and Statement, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: CMC II, LLC (6973), Salus Rehabilitation, LLC (4037), 207 Marshall Drive Operations LLC (8470), 803 Oak Street Operations LLC (3900), Sea Crest Health Care Management, LLC (2940), and Consulate Management Company, LLC (5824). The address of the Debtors' corporate headquarters is 800 Concourse Parkway South, Maitland, Florida 32751..

subsequent information, may cause a material change to the Schedules and Statement. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statement as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statement.

The Debtors, their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third-party arising out of or related to the information contained in the Schedules and Statement and reserve all rights with respect thereto.

The Schedules and Statement have been signed by an authorized representative of the Debtors. In reviewing and signing the Schedules and Statement, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and its addresses.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1.    ***Reservation of Rights***. Reasonable best efforts have been made to prepare and file complete and accurate Schedules and Statement; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statement from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statement with respect to claim ("**Claim**") description or designation; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statement as to amount, liability, priority, status or classification; subsequently designate any Claim as "disputed," "contingent" or "unliquidated;" or object to the extent, validity, enforceability, priority or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statement as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent" or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtors. Furthermore, nothing contained in the Schedules and Statement shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, defenses, equitable subordination, recharacterization and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statement.

The listing in the Schedules or Statement (including, without limitation, Schedule A/B, and Schedule E/F) by the Debtors of any obligation between a Debtor and a non-Debtor affiliate is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

2.      ***Description of Case and "as of" Information Date***. On March 1, 2021 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**The assets and liabilities data provided herein, except as otherwise noted, represent the Debtors' information as of February 28, 2021.**

3.      ***Net Book Value of Assets***. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all their assets.  Accordingly, unless otherwise indicated or listed in an undetermined amount, the Debtors' Schedules and Statement reflect net book values as of February 28, 2021 as recorded in the Debtors' books and records.  Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes do not appear in the Schedules and Statement as they have no net book value.  The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

4.      ***Recharacterization***. Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statement, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated or omitted certain items due to the complexity and size of the Debtors' business.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, re-designate, add or delete items reported in the Schedules and Statement at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.      ***Real Property and Personal Property-Leased***. In the ordinary course of business, the Debtors may have leased real property and various articles of personal property, including equipment from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statement.  However, nothing in the Schedules or Statement is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement) and the Debtors reserve all of their rights with respect to all such issues.

6.      ***Excluded Assets and Liabilities***. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statement.  As additional information becomes available and further research is conducted, the allocation of liabilities between the

prepetition and post-petition periods may change. Accordingly, the Debtors reserve all their rights to amend, supplement or otherwise modify the Schedules and Statement as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

The Debtors have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

7.      ***Insiders***. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules and Statement, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtor does not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether the Debtors or such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

8.      ***Intellectual and Intangible Property Rights***. Exclusion of certain intellectual and intangible property shall not be construed as an admission that such intellectual and intangible property rights have been abandoned, terminated, assigned, expired by its terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual and intangible property shall not be construed to be an admission that such intellectual and intangible property rights have not been abandoned, terminated, assigned, expired by its terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

9.      ***Executory Contracts and Unexpired Leases.*** The Debtors reserve all their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

10.     ***Materialman's/Mechanic's Liens***. The assets listed in the Schedules and Statement are presented without consideration of any materialman's or mechanic's liens.

11.     ***Classifications***. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F as "priority," or "unsecured," or (c) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

12.     ***Claims Description***. Schedule D and Schedule E/F permit the Debtors to designate a Claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a Claim on the Debtors' Schedules and Statement as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or

"unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all their rights to dispute, or assert offsets or defenses to, any Claim reflected on its respective Schedules and Statement on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all their rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

13.    ***Causes of Action***. Despite their reasonable best efforts to identify all known assets, the Debtors may not have listed all their causes of action or potential causes of action against third-parties as assets in the Schedules and Statement, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statement shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

14.    ***Summary of Significant Reporting Policies***. The following is a summary of significant reporting policies:

(a)    <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

(b)    <u>Totals</u>. All totals that are included in the Schedules and Statement represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(c)    <u>Liens</u>. Property and equipment listed in the Schedules and Statement are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15.     ***Estimates and Assumptions***. Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  Actual results could differ from those estimates, perhaps materially. The Debtors reserve all of their rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

16.     ***Currency***. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17.     ***Intercompany***. The net balance of intercompany transactions between the Debtors and their Debtor or Non-Debtor-affiliates, if any, is set forth on Schedule A/B or Schedule E/F, as applicable, and receivables are classified as current assets. The listing in the Schedules or Statement (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and a Debtor or non-Debtor affiliate is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.  The Debtors reserve all rights with respect to such obligations.

18.     ***Setoffs***. The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, refunds, warranties, debit memos, credits and other disputes between the Debtors and their service providers and/or customers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are generally not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets generally are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statement.

19.     ***Confidentiality***.  There may be instances in the Schedules and Statement where the Debtors deemed it necessary and appropriate to withhold from the public record information such as, among other things, names, addresses, or amounts.  Typically, the Debtors have withheld information because of: (i) an agreement between the Debtors and a third party (e.g., an executory contract that contains a confidentiality provision) or (ii) concerns regarding the confidentiality of such information.

20.     ***Addresses of Current and Former Employees***. To protect the privacy of the Debtors' current and former employees, the Debtors have used the corporate address of the Debtors.  The Debtors and Stretto maintain a record of all addresses on file.  The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' current and former employees.

21.     ***Global Notes Control***. In the event that the Schedules and Statement differ from the foregoing Global Notes, the Global Notes shall control.

## <u>SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES</u>

**SCHEDULE A/B**.  All values set forth in Schedule A/B reflect the book value of the Debtors' assets

as of February 28, 2021 unless otherwise noted below.

SCHEDULE A/B3.  Cash values held in financial accounts are listed on Schedule A/B3 as of February 28, 2021.

SCHEDULE A/B11. Accounts receivable are presented net of allowance for doubtful accounts, but may not be reserved for all doubtful accounts.

SCHEDULE A/B 60-64.  Intellectual property is listed in Schedule A/B 60-64 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from its net book value.  Nothing herein or in the Schedules and Statement shall be construed as an admission or acknowledgment by the Debtors that any particular intellectual property is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

SCHEDULE A/B 74/75. The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.  In the ordinary course of its business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds or potential warranty Claims against its suppliers.  Additionally, the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74/75.

SCHEDULE D. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. The descriptions provided on Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statement shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtor of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe its Claims are secured through setoff rights or inchoate statutory lien rights.

The amounts outstanding under the Debtors' prepetition secured credit facility reflects the approximate amounts as of the Petition Date.

SCHEDULE E/F Part 1. The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code. Further, on March 3, 2021, the Bankruptcy Court entered the *Final Order (I) Authorizing the Debtors to (A) Pay Certain Prepetition Employee Obligations and (B) Continue Employee Benefit Programs and (II) Granting Related Relief* [Docket No. 29], authorizing the Debtor to pay or honor certain prepetition obligations with respect to employee wages and other compensation, reimbursable employee expenses and similar benefits, and on March 3, 2021, the Bankruptcy Court entered the *Final Order Authorizing Debtors to Pay Certain Prepetition Taxes and Related Obligations* [Docket No. 31].

The listing of any claim on Schedule E Part 1 does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtors reserve their right to dispute the priority status of any claim on any basis.

SCHEDULE E/F Part 2. The Debtors have used reasonable best efforts to report all general unsecured Claims against the Debtors on Schedule E/F Part 2 based upon the Debtors' existing books and records as of the Petition Date.

The Claims listed on Schedule E/F Part 2 arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim on Schedule E/F Part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors may not have listed a date for each Claim listed on Schedule E/F Part 2. As a general matter, the date of incurrence of each Claim was listed as the most recent invoice date, if available, or as of March 1, 2021. Notwithstanding, the Medicare advance liabilities are calculated and reported as of April 5,2021. While these obligations appear on Schedule F, certain lien rights may exist with respect to such claims and, to that extent, such claims may be secured or partially secured.

Schedule E/F Part 2 contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated and disputed in the Schedules and Statement.

The Debtors expressly incorporate by reference into Schedule E/F Part 2 all parties to pending litigation listed in Statement 7 as contingent, unliquidated and disputed claims, to the extent not already listed on Schedule E/F Part 2.

Schedule E/F Part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule E/F Part 2 does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

SCHEDULE G. Although the Debtors' existing books, records and information systems have been relied upon to identify and schedule executory contracts and diligent efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. In certain cases when the Debtors believed that a contract existed but were unable to locate a copy thereof, available information regarding that presumed contract was listed in Schedule G. In other cases, due to the voluminous number of contracts, the Debtors were unable to verify the Debtor counter-party and made their best efforts to include such contracts on the appropriate Debtor's Schedule G based on reasonable assumptions. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify

such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

The Debtors reserve all their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.  Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

SCHEDULE H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financing, debt instruments and other such agreements.  The Debtors reserve all their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of its businesses, the Debtors may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are contingent, disputed or unliquidated, such Claims have not been set forth individually on Schedule H.  Litigation matters can be found on each Debtor's Schedule E/F and Statement 7, as applicable.

### SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTOR'S STATEMENT

STATEMENT 3.  Statement 3 includes any disbursement or other transfer made by the Debtors except for those made to employees or otherwise covered under the Debtor's Motion for Entry of interim and Final Orders (I) Authorizing the Debtors to (A) Pay Certain Prepetition Employee Obligations and (B) Continue Employee Benefit Programs and (II) Granting Related Relief (Docket. No. 8).  All disbursements listed on Statement 3 are made through the Debtors' cash management system.

STATEMENT 4. Debtors have included all payroll distributions and aggregate business expense reimbursements made over the twelve (12) months preceding the Petition Date to any individual that may be deemed an "Insider" (as defined in section 101(31) of the Bankruptcy Code) when the Debtors have either made or been charged for such payments.  To the extent that former officers

did not qualify as Insiders at the time of the transfer, such benefits and payments are not included in the Schedules and Statement.  To the extent that a current or former employee is an Insider, such employee received payment pursuant to the terms of his or her employment agreement and/or severance agreement with the Debtors, and such payments are listed in the aggregate for current and former employees in response to Statement 4.  The listing of a party as an Insider in the Schedules and Statement, however, is not intended to be, nor shall be construed as a legal characterization or determination of such party as an actual insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims and defenses are hereby expressly reserved.

STATEMENT 7. Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. Additionally, any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

STATEMENT 15. As described in the *Declaration of Paul Rundell in Support of Chapter 11 Petitions and First Day Papers* (Docket No. 2], the Debtors are part of a group of corporate affiliates that manage and operate 140 skilled nursing facilities that provide a variety of services that include short-term rehabilitation, comprehensive post-acute care, long-term care, and physical, occupational, and speech therapies across six states in the Mid-Atlantic and Gulf Coast. The Debtors maintain records in electronic and paper format at each local facility.

STATEMENT 21. Due to the Covid pandemic and the increased need for inventory of personal protective equipment (PPE), deliveries of PPE are made to CMC II offices on behalf of CMC II as well as non-Debtor affiliates.  Certain PPE is stored on behalf of non-Debtor affiliates.

STATEMENT 26d.  From time to time, the Debtors may have provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Although reasonable efforts have been made to identify the recipient of such financial statements, determining the recipient of each financial statement would be unduly burdensome and cost prohibitive.

**Fill in this information to identify the case:**

Debtor name: Consulate Management Company, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 21-10465

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ | to _Filing Date_ | ☐ Operating a business ☐ Other | _____ |
| **For prior year:** | From _____ | to _____ | ☐ Operating a business ☐ Other | _____ |
| **For the year before that:** | From _____ | to _____ | ☐ Operating a business ☐ Other | _____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ | to _Filing Date_ | _____ | _____ |
| **For prior year:** | From _____ | to _____ | _____ | _____ |
| **For the year before that:** | From _____ | to _____ | _____ | _____ |

**Part 2:** **List Certain Transfers Made Before Filing for Bankruptcy**

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1 | | | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 <br><br> Relationship to debtor | | | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.
Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 | Last 4 digits of account number | | |

| Part 3: | Legal Actions or Assignments |
| --- | --- |

---

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
| --- | --- | --- | --- |
| 7.1 | | | |
| **Name** <br> SEE SOFA PART 2, QUESTION 7 ATTACHMENT <br><br> **Case number** | | Name <br><br> Street <br><br> City    State    Zip | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
| --- | --- | --- |
| 8.1 | | |
| Custodian's name and address <br><br> Street <br><br> City    State    Zip | Case title <br><br> Case number <br><br> Date of order or assignment | Court name and address <br> Name <br><br> Street <br><br> City    State    Zip |

| Part 4: | Certain Gifts and Charitable Contributions |
| --- | --- |

---

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
| --- | --- | --- | --- |
| 9.1 | | | |
| Recipient's name <br><br> Street <br><br> City    State    Zip <br><br> **Recipient's relationship to debtor** | | | |

**Part 5:**   **Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

**Part 6:**   **Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | |
| Email or website address | | | |
| Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |
| Trustee | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property□by sale, trade, or any other means□made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| Relationship to debtor | | | |

Debtor    <u>Consulate Management Company, LLC</u>
     Name

Case number *(if known)* <u>21-10465</u>

---

**Part 7:**  **Previous Locations**

---

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | | | Dates of occupancy | |
|---|---|---|---|---|
| 14.1 | | | | |
| Street | | | From | to |
| City | State | Zip | | |

---

**Part 8:**  **Health Care Bankruptcies**

---

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 | | |
| Street | | |
| City    State    Zip | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider | How are records kept? Check all that apply: ☐ Electronically ☐ Paper |

---

**Part 9:**  **Personally Identifiable Information**

---

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

    Does the debtor have a privacy policy about that information?

    ☐ No

    ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☑ Yes. Fill in below:

    **Name of plan**
    Consulate Management Company 401(K) Plan

    **Employer identification number of the plan**
    20-5065824

    Has the plan been terminated?
    ☑ No

    ☐ Yes

**Part 10:**   **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 <br><br>Name _____ <br><br> Street _____ <br><br> City _____ State __ Zip ___ | _____ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other <br><br> _____ | _____ | _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 <br><br>Name _____ <br><br> Street _____ <br><br> City _____ State __ Zip ___ | Address _____ | | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 <br><br> Name <br><br> Street <br><br> City    State    Zip | Address | | ☐ No <br> ☐ Yes |

---

| Part 11: | Property the Debtor Holds or Controls that the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

---

| Part 12: | Details About Environmental Information |
|---|---|

**For the purpose of Part 12, the following definitions apply:**

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 <br><br> Case Number | Name <br><br> Street <br><br> City    State    Zip | | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City    State    Zip | City    State    Zip | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City    State    Zip | City    State    Zip | | |

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | EIN |
| | | **Dates business existed** |
| | | From                    to |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1 | |
| Jeremy Pyron<br>1040 Crown Point Parkway<br>Atlanta, GA 30338 | From          to<br>Current |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

| Name and address | Dates of service | |
|---|---|---|
| 26b.1 | From | to |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 Jeremy Pyron 1040 Crown Point Parkway Atlanta, GA 30338 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1 See Global Notes |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1 Alan J Carr 410 Park Avenue Suite 900 New York , NY 10022 | Independent Manager | |
| 28.2 Christopher R. Bryson 800 Concourse Parkway South Maitland, FL 32751 | Chief Executive Officer | 0% |
| 28.3 CMC II, LLC 800 Concourse Parkway South #200 Maitland, FL 32751 | Parent | 100% |

Debtor    Consulate Management Company, LLC.
                Name

Case number *(if known)* 21-10465

| | | |
|---|---|---|
| 28.4 | | |
| Daniel E. Dias<br>800 Concourse Parkway South<br>Maitland, FL 32751 | Chief Corporate Counsel | 0% |
| 28.5 | | |
| Gregory L. Hayes<br>800 Concourse Parkway South<br>Maitland, FL 32751 | Chief Financial Officer | 0% |
| 28.6 | | |
| Kenneth Ussery<br>800 Concourse Parkway South<br>Maitland, FL 32751 | Vice President, Treasury | 0% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| 29.1 | | From          to |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |

| Relationship To Debtor |
|---|
| |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | |
| FC INVESTORS XXI, LLC | EIN    45-3355705 |

**32.** **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN |

SOFA 7 ATTACHMENT

Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| ID | Case Title | Case # | Nature of Case | Court or Agency's Name | Court or Agency's Address | Court or Agency's City, State Zip | Status of Case (Pending / On Appeal / Concluded) |
|---|---|---|---|---|---|---|---|
| 7.001 | Adora Thompson as Personal Representative of the Estate of John Thompson v. Parkwell Healthcare, LLC and Consulate Management Company, LLC | 1784CV03737 | Professional Liability | County Trial Court for the County of Suffolk, MA | 3 Pemberton Square | Boston, MA 02108 | Concluded |
| 7.002 | Alberta E. Richardson v 1465 Oakfield Drive Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 16-CA-007620 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.003 | Amanda Smith as Guardian of Aaron Patterson v Hurstbourne HealthCare, LLC; Centennial Healthcare Holding Company, LLC; Centennial HealthCare Properties, LLC; Centennial Master Tenant, LLC; CMS II, LLC; Consulate Management Company, LLC; Tracey Cavallaro; | 15CI006552 | Professional Liability | Circuit Court for Jefferson County, KY | 700 W Jefferson St | Louisville, KY 40202 | Concluded |
| 7.004 | Anna Brady by and through Lawrence Brady v. 1111 Drury Lane Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC and Lori Stockton | 18000655CA | Professional Liability | Circuit Court for Charlotte County, FL | 350 E. Marion Avenue | Punta Gorda, FL 33950 | Concluded |
| 7.005 | Anna Gonzalez by & through Elliott Gonzalez v 1851 Elkcam Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016 11708 CIDL | Professional Liability | Circuit Court for Volusia County, FL | 101 North Alabama Avenue | DeLand, FL 32724 | Concluded |
| 7.006 | Antoinette Akisanya as PR of the Estate of Nona Lincoln v. Epsilon Healthcare Properties, LLC; 3101 Ginger Drive Operations, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC; CMC II, LLC and Kyle Wierzba | 2018 CA 002238 | Professional Liability | Circuit Court for Leon County, FL | 301 South Monroe Street | Tallahassee, FL 32301 | Concluded |
| 7.007 | Arnold Bentley v. Parkview Healthcare, LLC; Centennial Healthcare Holding Company, LLC; Centennial Healthcare Properties, LLC; Centennial Healthcare Corporation; Centennial Healthcare Management Corporation; Centennial Master Tenant, LLC; Centennial Master Subtenant, LLC; CMS II, LLC; Consulate Management Company, LLC; Formation Capital, LLC; Linda Stidham; Vicki Bradley-Steege; Lanna Roberts | 19-CI-00320 | Professional Liability | Circuit Court for Pike County, KY | 175 Main St., PO Box 1002 | Pikeville, KY 41502 | Concluded |
| 7.008 | Beatrice Mann Brown by and through Lawanda Michelle Mann, Plenary Guardian v. Jacksonville Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 16-2016-CA-002966-XXXX-MA | Professional Liability | Circuit Court for Duval County, FL | 501 West Adams Street, Room 1209 | Jacksonville, FL 32202 | Concluded |
| 7.009 | Bryan Fike as PR of the Estate of Robert Fike v. North Fort Myers Facility Operations, LLC; Consulate Health Care a/k/a LV CHC Holdings I, LLC; CMC II, LLC and LaVie Care Centers, LLC | 17-CA-002549 | Professional Liability | Circuit Court for Lee County, FL | 1700 Monroe Street | Fort Myers, FL 33901 | Concluded |
| 7.010 | Catherine Pronesti v. 741 South Beneva Road Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017 CA 001445 NC | Professional Liability | Circuit Court for Sarasota County, FL | 2071 Ringling Blvd | Sarasota, FL 34237 | Concluded |
| 7.011 | Cellestine Thomas-Goff by and through Napoleon Goff as the Attorney in Fact v. 6305 Cortez Road West Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC and Mary Anne Martino | 2019CA000090AX | Professional Liability | Circuit Court for Manatee County, FL | 1051 Manatee Avenue West | Bradenton, FL 34205 | Concluded |
| 7.012 | Cheri Thomas as Personal Representative of the Estate of Mary Katherine Hardy, deceased v. Pensacola Facility Operations, LLC; Consulate Management Company, LLC and CMC II, LLC | 2015CA640 | Professional Liability | Circuit Court for Escambia County, FL | M.C. Blanchard Judicial Building, 190 Governmental Center | Pensacola, FL 32502 | Concluded |
| 7.013 | Cheryl Zimmerman for the Estate of Katherine Dennert v. 702 South Kings Avenue Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 16-CA-006281 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.014 | Connie Kirk as Plenary Guardian of Anna Kirk v. Consulate Health Care, LLC; Locust Grove Facility Operations, LLC; LaVie Care Centers, LLC; LV CHC Holdings I, LLC; Consulate Management Company, LLC; CMC II, LLC; Consulate Facility Leasing, LLC and Jerry N | 53-2016 | Professional Liability | Court of Common Pleas of Juniata County, PA | 1 N Main St | Mifflintown, PA 17059 | Concluded |
| 7.015 | Darnell Turner by & through Elizabeth Ann Jones, Attorney-in-Fact v. Consulate Health Care, LLC n/k/a LV CHC Holdings I, LLC; Winter Haven Facility Operations, LLC; Concurrent Partners, LLLP; Concourse Partners, LLC; Concurrent Limited Holdings, LLC; Consulate Management Company, LLC; CMC II, LLC; LaVie Care Centers, LLC | 2013-CA-005513 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.016 | Deborah Hulyo as PR of the Estate of Joseph J Drost v. Winter Haven Facility Operations, LLC;  CMC II, LLC; LaVie Care Centers, LLC; Formation Capital, LLC; Ambassador Ancillary Services, LLC | 2017-CA-007458-O | Professional Liability | Circuit Court for Orange County, FL | 425 N. Orange Avenue | Orlando, FL 32801 | Concluded |
| 7.017 | Denise Ragan as PR of the Estate of Anna Fletcher v.  741 South Beneva Road Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2018-CA-002474 | Professional Liability | Circuit Court for Sarasota County, FL | 2002 Ringling Blvd | Sarasota, FL 34237 | Concluded |
| 7.018 | Donna Rose as Administratrix of Estate of Bob Cable v. Parkview Healthcare, LLC; Centennial Healthcare Holding Company, LLC; Centennial Healthcare Properties, LLC; Centennial Healthcare Corporation; Centennial Healthcare Management Corporation; Centennial Master Tenant, LLC; Centennial Master Subtenant, LLC; CMS II, LLC; Consulate Management Company, LLC; Formation Capital, LLC; Linda Stidham; Vicki Bradley-Steefe; Lanna Roberts | 18-CI-01359 | Professional Liability | Circuit Court for Pike County, KY | 175 Main St., PO Box 1002 | Pikeville, KY 41502 | Concluded |
| 7.019 | Dorothy Czaus v Brandon Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Managemet Company, LLC | 16-CA-011105 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.020 | Dorothy Fleming by and through Cynthia Myers, Attorney-in-Fact v  1465 Oakfield Drive Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 17-CA-000985 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.021 | Dorothy Fleming by and through Cynthia Myers, Attorney-in-Fact v. Brandon Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 17-CA-000971 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.022 | Dorothy Pagliughi by and through Michael Pagliughi v 1465 Oakfield Drive Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 17-CA-3228 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |

SOFA 7 ATTACHMENT

Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| ID | Case Title | Case # | Nature of Case | Court or Agency's Name | Court or Agency's Address | Court or Agency's City, State Zip | Status of Case (Pending / On Appeal / Concluded) |
|---|---|---|---|---|---|---|---|
| 7.023 | Edward Seaman by and through James Seaman, Attorney-in-Fact v. Bayonet Point Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2017CA003613CAAXWS | Professional Liability | Circuit Court for Pasco County, FL | 7530 Little Road | New Port Richey, FL 34654 | Concluded |
| 7.024 | Elbin Morales as PR of the Estate of Carmen Morales v. 7950 Lake Underhill Road Operations, LLC; CMC II, LLC; Consulate Health Care; Epsilon Health Care Properties, LLC | 2017-CA-007041-0 | Professional Liability | Circuit Court for Orange County, FL | 425 N. Orange Avenue | Orlando, FL 32801 | Concluded |
| 7.025 | Elizabeth Abrams v 1010 Carpenter's Way Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA-002848-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.026 | Elkanah Catholic by and through Jerry Edmond, attorney in fact v. Consulate Management Company, LLC; Winter Haven Facility Operations, LLC; Consulate Health Care, LLC; Cara Spadola, Administrator | 2017CA-002122 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.027 | Estate of Albert Joseph LeMay by Diane Mondor v 12170 Cortez Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 2017-CA-467 | Professional Liability | Circuit Court for Hernando County, FL | 20 North Main Street | Brooksville, FL 34601 | Concluded |
| 7.028 | Estate of Alice Kocik & through Kurt Edward Kocik, PR v. 3735 Evans Avenue Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 17-CA-001366 | Professional Liability | Circuit Court for Lee County, FL | 1700 Monroe Street | Fort Myers, FL 33901 | Concluded |
| 7.029 | Estate of Amanda L. Perez, by and through Pedro Santiago Perez and Carolyn Dupree Hill, as Co-Personal Representatives vs. Lakeland Facilty Operations, LLC; CMC II, LLC; Consulate Health Care | 2017-CA-000224-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.030 | Estate of Arthur C. McGinnins by and thorugh Victoria L. McGinnis, Personal Representative v. New Port Richey Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 512017CA003497CAAXWS | Professional Liability | Circuit Court for Pasco County, FL | 7530 Little Road | New Port Richey, FL 34654 | Concluded |
| 7.031 | Estate of Audrey G. Parker by and through Gary Parker, Personal Representative v. 3110 Oakbridge Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2015CA003208000000 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.032 | Estate of Barbara J. Ehlert by & through John M. Ehlert, PR v. Vero Beach Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2016 CA 000387 | Professional Liability | Circuit Court for Indian River County, FL | 2000 16th Ave | Vero Beach, FL 32960 | Concluded |
| 7.033 | Estate of Bedie Finley by and through Ann Pate Personal Representative v. 10040 Hillview Road Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016 CA 001738 N | Professional Liability | Circuit Court for Escambia County, FL | M.C. Blanchard Judicial Building, 190 Governmental Center | Pensacola, FL 32502 | Concluded |
| 7.034 | Estate of Bernadien Cioe by and through Lauri Giuliani v. West Altamonte Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 2017-CA-002618-11H-G | Professional Liability | Circuit Court for Seminole County, FL | Seminole Court Administration, Downtown Civil Courthouse, 301 N. Park Ave., Suite 301 | Sanford, Fl 32771-1292 | Concluded |
| 7.035 | Estate of Bertie Gordon by and through Joann Weaver, Personal Representative v. 9035 Bryan Dairy Road Operations, LLC; Consulate Management Company, LLC | 17-000458-CI | Professional Liability | Circuit Court for Pinellas County, FL | 14250 49th Street North | Clearwater, FL 33762 | Concluded |
| 7.036 | Estate of Bohumir Vizmuller by Marcela Vizmuller v. 6305 Cortez Road West Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017CA001377AX | Professional Liability | Circuit Court for Manatee County, FL | 1051 Manatee Avenue West | Bradenton, FL 34205 | Concluded |
| 7.037 | Estate of Carey Brent Hunter by Ruby Barrow, Personal Representative v. 1937 Jenks Avenue Operations, LLC; CMC II, LLC; Consulate Management Company, LLC; and LaVie Care Centers, LLC | 15001329CA | Professional Liability | Circuit Court for Bay County, FL | 300 East 4th Street | Panama City, FL 32401 | Concluded |
| 7.038 | Estate of Carl Odom by Maria Elizabeth Odom, Personal Representative v. 1550 Jess Parrish Court Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 05-2016-CA-031385-XXXX-XX | Professional Liability | Circuit Court for Brevard County, FL | Moore Justice Center, 2825 Judge Fran Jamieson Way | Viera, FL 32940-8006 | Concluded |
| 7.039 | Estate of Carl T. Miles, Jr. by and through Nancy Cote v 3110 Oakbridge Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA-004279-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.040 | Estate of Catherine Wright by and through David F Wright, PR v Bayonet Point Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2017CA000397CAAXWS | Professional Liability | Circuit Court for Pasco County, FL | 7530 Little Road | New Port Richey, FL 34654 | Concluded |
| 7.041 | Estate of Charles John Hamilton, Jr. by Marilyn T. Hamilton, PR v. 702 South Kings Avenue Operations, LLC; CMC II, LLC; Consulate Management Company, LLC and Elizabeth Donfila, Administrator | 18-CA-7898 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.042 | Estate of Ciro Iovine by Lisa Helena Raimondo v. 1465 Oakfield Drive Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 17-CA-006475 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.043 | Estate of David Genco v. 702 South Kings Avenue Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 16-CA-005888 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.044 | Estate of David Guaraldo, by and through Judith Ann Guaraldo, Personal Representative v. 3825 Countryside Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 16-003916-CI | Professional Liability | Circuit Court for Pinellas County, FL | 14250 49th Street North | Clearwater, FL 33762 | Concluded |
| 7.045 | Estate of Deborah Styles by Katie Everlove Stone v. 2916 Habana Way Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 17-CA-006568 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |

SOFA 7 ATTACHMENT

Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| ID | Case Title | Case # | Nature of Case | Court or Agency's Name | Court or Agency's Address | Court or Agency's City, State Zip | Status of Case (Pending / On Appeal / Concluded) |
|---|---|---|---|---|---|---|---|
| 7.046 | Estate of Donald Bemus v 12170 Cortez Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2017-CA-262 | Professional Liability | Circuit Court for Hernando County, FL | 20 North Main Street | Brooksville, FL 34601 | Concluded |
| 7.047 | Estate of Dorothy Jean Barton by and through Sharon E. Aasand, Personal Representative v. 1010 Carpenter's Way Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA-001431-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N Broadway | Bartow, FL 33830 | Concluded |
| 7.048 | Estate of Dorothy Mendola v. 12170 Cortez Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017-CA-192 | Professional Liability | Circuit Court for Hernando County, FL | 20 North Main Street | Brooksville, FL 34601 | Concluded |
| 7.049 | Estate of Douglas Hodkinson v. 216 Santa Barbara Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 17-CA-000963 | Professional Liability | Cicuit Court for Lee County, FL | 1700 Monroe St | Fort Myers, FL 33901 | Concluded |
| 7.050 | Estate of Edward Wayne Panaro by & through Vicki Maus, Personal Representative v 6414 13th Road South Operations, LLC; CMC II, LLC; Consulate Management Company, LLC; LaVie Care Centers, LLC; Wood Lake Health Care Associates, LLC | 2015CA004684 | Professional Liability | Circuit Court for Palm Beach County, FL | 205 North Dixie Hwy. | West Palm Beach, FL 33401 | Concluded |
| 7.051 | Estate of Eicilma Walters by Ashley Walters v. 3110 Oakbridge Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2018CA003934000000 | Professional Liability | Citcuit Court for Polk County, FL | 255 N Broadway | Bartow, FL 33830 | Concluded |
| 7.052 | Estate of Eicilma Walters by Ashley Walters, PR v. Lake Parker Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2019CA-000276-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.053 | Estate of Elizabeth Thornton, by & through Christina Collins, Personal Representative v. New Port Richey Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017CA00130CAAXWS | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.054 | Estate of Ella W. Hall by and through Alice D. Hall, Personal Representative v. Lake Parker Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2016CA-003948-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.055 | Estate of Emmalaine W. Hobbs by and through Gloria Cunningham, Personal Representative v. 1550 Jess Parish Court Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 05-2015-CA-051170-XXXX-XX | Professional Liability | Circuit Court for Brevard County, FL | Moore Justice Center, 2825 Judge Fran Jamieson Way | Viera, FL 32940-8006 | Concluded |
| 7.056 | Estate of Eva Maria Pozzuto by and through Michael Pozzuto, PR v. 3735 Evans Avenue Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC and Wendy Birch | 18-CA-3534 | Professional Liability | Circuit Court for Lee County, FL | 1700 Monroe Street | Fort Myers, FL 33901 | Concluded |
| 7.057 | Estate of Franklin Ruben Wakefield by and Through Rose Mary Wakefield v. Jacksonville Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 16-2017-CA-003972-XXXX-MA | Professional Liability | Circuit Court for Duval County, FL | 501 West Adams Street, Room 1209 | Jacksonville, FL 32202 | Concluded |
| 7.058 | Estate of George Melin Martin by and through John A. Martin, PR v. New Port Richey Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2018CA000777CAAXWS | Professional Liability | Circuit Court for Pasco County, FL | 7530 Little Road | New Port Richey, FL 34654 | Concluded |
| 7.059 | Estate of Georgia Roselee Wren by and through Fayeran L. Norman, Personal Representative v. 626 North Tyndall Parkway Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 16000645CA | Professional Liability | Circuit Court for Bay County, FL | 300 East 4th Street | Panama City, FL 32401 | Concluded |
| 7.060 | Estate of Gordon Albro by and through Agnes C. Albro v. Lakeland Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2018CA004150000000 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.061 | Estate of Hanel Randolph Pace by Sondra Pace, PR v. 3110 Oakbridge Boulevard Operations; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017CA-001984-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.062 | Estate of Harold A. Weaver by and through Harold J. Weaver v Kissimmee Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2016 CA 002434 ON | Professional Liability | Circuit Court for Osceola County, FL | 2 Courthouse Square | Kissimmee, FL 34741 | Concluded |
| 7.063 | Estate of Harold Edward Braun by and through Sheila Braun, PR v. 6414 13th Road South Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 50-2018-CA-002473-XXXX-MB | Professional Liability | Circuit Court for Palm Beach County, FL | 205 North Dixie Hwy. | West Palm Beach, FL 33401 | Concluded |
| 7.064 | Estate of James Jeffcoat by and through Bonnie Jeffcoast v. 500 South Hospital Drive Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA-003948-0000-00 | Professional Liability | Circuit Court for Okaloosa County, FL | 101 James Lee Blvd. East | Crestview, FL 32536 | Concluded |
| 7.065 | Estate of James Toddy by and through Deborah Mitchell Lesnett v. Lakeland Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2017CA-000054-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.066 | Estate of John O'Hara v Winter Haven Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017CA-002040-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.067 | Estate of Juan E. Baez by and through Gladys Baez, Personal Representative v. 1851 Elkcam Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016 10361 CIDL | Professional Liability | Circuit Court for Volusia County, FL | 101 North Alabama Avenue | DeLand, FL 32724 | Concluded |
| 7.068 | Estate of Kenneth Marvin Johnson by and through Wavelene Johnson, PR v. 6305 Cortez Road West Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2018 CA 2120 | Professional Liability | Circuit Court for Manatee County, FL | 1051 Manatee Avenue West | Bradenton, FL 34205 | Concluded |

SOFA 7 ATTACHMENT

Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| ID | Case Title | Case # | Nature of Case | Court or Agency's Name | Court or Agency's Address | Court or Agency's City, State Zip | Status of Case (Pending / On Appeal / Concluded) |
|---|---|---|---|---|---|---|---|
| 7.069 | Estate of Kenneth Marvin Johnson by Wavelene Johnson, PR v. 518 West Fletcher Avenue Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 18-CA-005347 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.070 | Estate of Kermit Coleman by Ellis Coleman v Centennial Healthcare Holding Company, LLC; Parkview Healthcare, LLC; Centennial Healthcare Properties, LLC; Centennial Master Tenant, LLC; Centennial Master Subtenant, LLC; Centennial Healthcare Management Corporation; Centennial Healthcare Properties Corporation; Formation Capital, LLC; Coastal Administrative Services, LLC; Shoreline Healthcare Management, LLC; CMS II, LLC d/b/a CMC II, LLC; Consulate Management Company, LLC; and Linda Damron | 17-CI-108 | Professional Liability | Circuit Court for Pike County, KY | 175 Main St., PO Box 1002 | Pikeville, KY 41502 | Concluded |
| 7.071 | Estate of Lillie Mae Bryant by and through Booker Bryant, Jr., Personal Representative v. 2916 Habana Way Operations, LLC; SeaCrest Health Care Management, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Comany, LLC | 15-CA-010503 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.072 | Estate of Linda Whipple by and through Lisa Gibson, Personal Representative v. Lakeland Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 2016CA-002784-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.073 | Estate of Loudell Liles by and through Tammy Jackson, PR v. 1465 Oakfield Drive Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 17-CA-000673 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.074 | Estate of Louis V. D'Alessandro by and through Louis A. D'Alessandro, Personal Represenative v St. Petersburg Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 16-003409-CI | Professional Liability | Circuit Court for Pinellas County, FL | 14250 49th Street North | Clearwater, FL 33762 | Concluded |
| 7.075 | Estate of Lucy Mae Brookins by and through Shayann Jones as Personal Representative v. 3110 Oakbridge Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Vincent A. Cacciatore, Administrator | 2018CA-000754-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.076 | Estate of Margarette Reynolds by and through Kathryn Yannessa v. 1851 Elkcam Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 2017 10897 CIDL | Professional Liability | Circuit Court for Volusia County, FL | 101 North Alabama Avenue | DeLand, FL 32724 | Concluded |
| 7.077 | Estate of Mark Konger, by & through Sheree Gay Butler, Personal Representative v New Port Richey Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 2017CA000559CAAXWS/G | Professional Liability | Circuit Court for Pasco County, FL | 7530 Little Road | New Port Richey, FL 34654 | Concluded |
| 7.078 | Estate of Mary C. Dixon by and through Ava Magee, Executor v. 650 Reed Canal Road Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016 30886 CICI | Professional Liability | Circuit Court for Volusia County, FL | 101 North Alabama Avenue | DeLand, FL 32724 | Concluded |
| 7.079 | Estate of Mary Freeland v. Bayonet Point Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2016CA003808CAAXWS | Professional Liability | Circuit Court for Pasco County, FL | 7530 Little Road | New Port Richey, FL 34654 | Concluded |
| 7.080 | Estate of Mary Healey by and through Mary Beth McDade v. Lake Parker Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA-001760-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.081 | Estate of Mary Sawyers by and through Cheryl Hall v. Consulate Health Care, LLC; Winter Haven Facility Operations, LLC; Lakeland Facility Operations, LLC; LV CHC Holdings I, LLC; Consulate Management Company, LLC; CMC II, LLC; LaVie Care Centers, LLC | 2016 CA 003317 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.082 | Estate of Mary Sawyers by Cheryl Hall, PR v. Consulate Health Care, LLC; Winter Haven Facility Operations, LLC; Lakeland Facility Operations, LLC; LV CHC Holdings I, LLC; Consulate Management Company, LLC; CMC II, LLC; LaVie Care Centers, LLC | 2016 CA 003317 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.083 | Estate of Mary Smith by and through Florence Smith v Bayonet Pointe Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017CA000290CAAXWS | Professional Liability | Circuit Court for Pasco County, FL | 7530 Little Road | New Port Richey, FL 34654 | Concluded |
| 7.084 | Estate of Olga Marie Ippolito, by and Through Valerie Ann Blake v 3110 Oakbridge Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2017CA-000339-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.085 | Estate of Patricia Kujawa by and Through Stanley J. Kujawa v North Fort Myers Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 17-CA-000502 | Professional Liability | Circuit Court for Lee County, FL | 1700 Monroe Street | Fort Myers, FL 33901 | Concluded |
| 7.086 | Estate of Porter Wiley Sr. by and through Lillie Wiley, Personal Representative v. Winter Haven Facility Operations, LLC; CMC II, LLC; Consulate Management Company, LLC and LaVie Care Centers, LLC | 2015CA-004033-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.087 | Estate of Rebecca Sue Yates Through Lynda Dianne Bramble, PR, v North Fort Myers Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 17-CA-001049 | Professional Liability | Circuit Court for Lee County, FL | 1700 Monroe Street | Fort Myers, FL 33901 | Concluded |
| 7.088 | Estate of Richard Farrow v. 1465 Oakfield Drive Operations, LLC; Epsilon Health Care Properties, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | | Professional Liability | | | | Concluded |
| 7.089 | Estate of Richard John Brown, Sr. v. 1010 Carpenters Way Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2017CA-000190-000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.090 | Estate of Richard Lewis Poore by and through Susan Garrett v. 12170 Cortez Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 17000222CAAXMX | Professional Liability | Circuit Court for Hernando County, FL | 20 North Main Street | Brooksville, FL 34601 | Concluded |

In re: CMC II, LLC
Case No. 21-10461

SOFA 7 ATTACHMENT

Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| ID | Case Title | Case # | Nature of Case | Court or Agency's Name | Court or Agency's Address | Court or Agency's City, State Zip | Status of Case (Pending / On Appeal / Concluded) |
|---|---|---|---|---|---|---|---|
| 7.091 | Estate of Richard Rodriguez, Sr. v New Port Richey Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company LLC | 2017CA001487CAAXWS | Professional Liability | Circuit Court for Pasco County, FL | 7530 Little Road | New Port Richey, FL 34654 | Concluded |
| 7.092 | Estate of Robert A Goula by and through Kenneth R. Rommel v. 2916 Habana Way Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 16-CA-010906 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.093 | Estate of Robert Lee Sanders v. 1010 Carpenters Way Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017CA-002157-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.094 | Estate of Robert Lee Sanders v. 3110 Oakbridge Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017CA-002156-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.095 | Estate of Robert Melvin Newsom by Marilee Shelton Herron, PR v. Pensacola Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017 CA 001050 | Professional Liability | Circuit Court for Escambia County, FL | M.C. Blanchard Judicial Building, 190 Governmental Center | Pensacola, FL 32502 | Concluded |
| 7.096 | Estate of Roy D. Whitehead by and through Isabel Whitehead, Personal Representative v. 3825 Countryside Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 16-005124-CI | Professional Liability | Circuit Court for Pinellas County, FL | 14250 49th Street North | Clearwater, FL 33762 | Concluded |
| 7.097 | Estate of Roy Whitehead by and through Eisabel Whitehead, Personal Representative  v. 1445 Howell Avenue Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 17000058CAAXMX | Professional Liability | Circuit Court for Hernando County, FL | 20 North Main Street | Brooksville, FL 34601 | Concluded |
| 7.098 | Estate of Russell E. McCrackan, Sr. by and through Myrtle McCrackan, PR v. Winter Haven Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 2017CA-001869-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.099 | Estate of Sheila Baldree by and through Douglas Stalley, PR v. 3110 Oakbridge Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017CA-002532-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.100 | Estate of Shirley Erb by and through John N. Erb, Personal Representative v. 1010 Carpenter's Way Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA-003376-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.101 | Estate of Sidney Patterson, Sr. by Sidney Patterson, Jr. | 14-000381CA | Professional Liability | Circuit Court for Taylor County, FL | 108 N Jefferson St., #102 | Perry, FL 32347 | Concluded |
| 7.102 | Estate of Terry Bronkhorst by & through James Bronkhorst | 17000107CAC | Professional Liability | Circuit Court for Taylor County, FL | 108 N Jefferson St., #102 | Perry, FL 32347 | Concluded |
| 7.103 | Estate of Thelma Felker by and through Johnny L. Felker, PR v. 1010 Carpenter's Way Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2018CA-000709-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.104 | Estate of Toby Jean Brannon by and through Rex Brannon  v 1937 Jenks Avenue Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 17000126CA | Professional Liability | Circuit Court for Bay County, FL | 300 East 4th Street | Panama City, FL 32401 | Concluded |
| 7.105 | Estate of Vasiliki Perimenis by and through Maria Perimenis, Personal Representative v. 3825 Countryside Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 16-005007-CI | Professional Liability | Circuit Court for Pinellas County, FL | 14250 49th Street North | Clearwater, FL 33762 | Concluded |
| 7.106 | Estate of Warren Davis, Sr by Ciji T. Davis, PR v Port Charlotte Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 18000853CA | Professional Liability | Circuit Court for Charlotte County, FL | 350 E. Marion Avenue | Punta Gorda, FL 33950 | Concluded |
| 7.107 | Estate of Waver Nash by and through Sadie Jane Bellemy, PR | 16000537CAC | Professional Liability | Circuit Court for Taylor County, FL | 108 N Jefferson St., #102 | Perry, FL 32347 | Concluded |
| 7.108 | Estate of William Kenneth White by and through Evelyn Carolyn White, Personal Representative v. Brandon Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 17-CA-000606 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.109 | Estate of William Kenneth White by and through Evelyn White, Personal Representative v. 1465 Oakfield Drive Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 17-CA-000133 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.110 | Estate of William Lee by Lilieth Lee and Hope Sanders v 1120 West Donegan Avenue Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017CA000937 | Professional Liability | Circuit Court for Osceola County, FL | 2 Courthouse Square | Kissimmee, FL 34741 | Concluded |
| 7.111 | Estate of Willie Carter by & through Brenda J. Wilson, PR v. 1010 Carpenter's Way Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA-004080-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.112 | Estate of Willie Carter by and through Brenda J. Wilson, Personal Representative v. Lake Parker Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA-004083-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.113 | Estate of Willis Keller by & through Edna Jeannette Keller v. 12170 Cortez Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 17000254CAAXMX | Professional Liability | Circuit Court for Hernando County, FL | 20 North Main Street | Brooksville, FL 34601 | Concluded |

SOFA 7 ATTACHMENT

Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| ID | Case Title | Case # | Nature of Case | Court or Agency's Name | Court or Agency's Address | Court or Agency's City, State Zip | Status of Case (Pending / On Appeal / Concluded) |
|---|---|---|---|---|---|---|---|
| 7.114 | Ethel Hicks as PR of the Estate of Mildred Dawson v. 702 South Kings Avenue Operations, LLC; Alpha Health Care Properties, LLC; CMC II, LC; LaVie Care Centers, LLC and Consulate Management Company, LLC | | Professional Liability | | | | Concluded |
| 7.115 | Evelyn Bellamy Pride as PR of the Estate of Annie Mae Bellamy v Heritage Health Care Center Tallahassee, LLC; Epsilon Health Care Properties, LLC; 3101 Ginger Drive Operations, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC, Josephine Bau | 2017 CA 000558 | Professional Liability | Circuit Court for Leon County, FL | 301 South Monroe Street | Tallahassee, FL 32301 | Concluded |
| 7.116 | Francis Hamilton vy and through Sara Lee Hamilton v.12170 Cortez Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 17000754CAAXMX | Professional Liability | Circuit Court for Hernando County, FL | 20 North Main Street | Brooksville, FL 34601 | Concluded |
| 7.117 | Gary D. Bass v. Melbourne Facility Operations, LLC; CMC II, LLC; Consulate Management Company, LLC and LaVie Care Centers, LLC | 05-2016-CA-034821-XXXX-XX | Professional Liability | Circuit Court for Brevard County, FL | Moore Justice Center, 2825 Judge Fran Jamieson Way | Viera, FL 32940-8006 | Concluded |
| 7.118 | Hazel Baker v. 1010 Carpenters Way Operations, LLC; Florida Health Care Properties, LLC; CMC II, LLC; Consulate Management Company, LLC; LaVie Care Centers, LLC | 2015-CA-001167 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.119 | James Breckenridge as Administrator of Estate of Janet Breckenridge v. Hurstbourne Healthcare, LLC; Centennial Healthcare Holding Company, LLC; Centennial Healthcare Properties, LLC; Centennial Master Tenant, LLC; CMS II, LLC; Consulate Management Company | 16CI00929 | Professional Liability | Circuit Court for Jefferson County, KY | 700 W Jefferson St | Louisville, KY 40202 | Concluded |
| 7.120 | James Edward Foster v. 1010 Carpenters Way Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017CA-002400-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.121 | James H. Hedrick by and through Gwendolyn R Hedrick, Personal Representative v 1937 Jenks Avenue Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 16001180CA | Professional Liability | Circuit Court for Bay County, FL | 300 East 4th Street | Panama City, FL 32401 | Concluded |
| 7.122 | James Knight as PR of the Estate of Gerald Knight v. Bayonet Point Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 2016CA003865CAAXWS | Professional Liability | Circuit Court for Pasco County, FL | 7530 Little Road | New Port Richey, FL 34654 | Concluded |
| 7.123 | Jeffrey Crook v 9035 Bryan Dairy Road Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 17-001486-CI | Professional Liability | Circuit Court for Pinellas County, FL | 14250 49th Street North | Clearwater, FL 33762 | Concluded |
| 7.124 | Joanne Johnson v. 3110 Oakbridge Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2015CA-004464-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.125 | John O'Toole by & through his Power of Attorney Mary Kay O'Toole, his wife v. Sarasota Facility Operations, LLC; Consulate Management Company, LLC; Joshua M. Englin, Administrator | 18-CA-1866 | Professional Liability | Circuit Court for Sarasota County, FL | 2002 Ringling Blvd | Sarasota, FL 34237 | |
| 7.126 | Joseph Looney v. 3110 Oakbridge Boulevard Operations, LLC; Alpha Healthcare Properties, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC and Imprice Johnson (added by NOI dated 4/27/2018) | | Professional Liability | | | | Concluded |
| 7.127 | Jotena Yarbrough as PR of the Estate of Zack Yarbrough v. Starville Manor Healthcare, LLC; Centennial Healthcare Holding Company, LLC; CMC II, LLC; Consulate Health Care, LLC and Russell Ragland | | Professional Liability | | | | Concluded |
| 7.128 | Joyce Bunch v. Brownsboro Hills Healthcare LLC; Centennial Healthcare Holding Company, LLC; Centennial Master Tenant LC; Coastal Administrative Services, LLC d/b/a LaVie Administrative Services; Shoreline Healthcare Management, LLC d/b/a LaVie Management Services; CMS II, LLC d/b/a CMC II, LLC; Consulate Management Company, LLC; Terry W. Willis, Jr. | 14 CI 05161 | Professional Liability | Circuit Court for Jefferson County, KY | 700 W Jefferson St | Louisville, KY 40202 | Concluded |
| 7.129 | June Young-Farmer v 12170 Cortez Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 17000238CAAXMX | Professional Liability | Circuit Court for Hernando County, FL | 20 North Main Street | Brooksville, FL 34601 | Concluded |
| 7.130 | Leonard Parsons as Administrator of Estate of Saint Parsons v. Parkview Healthcare, LLC; Centennial Healthcare Holding Company, LLC; Centennial Healthcare Properties, LLC; Centennial Healthcare Management Corporation; Centennial Master Tenant, LLC; Centennial Master Subtenant, LLC; CMS II, LLC; Consulate Management Company, LLC; Formation Capital, LLC; Vicki Bradley-Steege and Linda Stidham | 18-CI-01224 | Professional Liability | Circuit Court for Pike County, KY | 175 Main St., PO Box 1002 | Pikeville, KY 41502 | Concluded |
| 7.131 | Lillian Coleman Anderson, as Executrix of Estate of Selena Little and obo Cameron Hill and Destiny Hill v. Centennial HealthCare Holding Company, LLC; Parkview Healthcare, LLC; Centennial Healthcare Properties, LLC; Centennial Master Tenant, LLC; Centennial Master Subtenant, LLC; Centennial Healthcare Management Corporation; Centennial Healthcare Corporation; Formation Capital, LLC; Shoreline Healthcare Management, LLC; CMS II, LLC d/b/a CMC II, LLC; Consulate Management Company, LLC; and Linda Damron | 14-CI-1078 | Professional Liability | Circuit Court for Pike County, KY | 175 Main St., PO Box 1002 | Pikeville, KY 41502 | Concluded |
| 7.132 | Linda Nuyen v. 12170 Cortez Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 17000116CAAXMX | Professional Liability | Circuit Court for Hernando County, FL | 20 North Main Street | Brooksville, FL 34601 | Concluded |
| 7.133 | Linda Skinner, on behalf of and for the use and benefit of the wrongful death beneficiaries of Laura McGee v. Starkville Manor Healthcare, LLC; CMC II, LLC; Centennial Healthcare Holding Company, LLC; Russell Ragland; and Consulate Health Care, LLC | 2018-0243-CVC | Professional Liability | Circuit Court for Oktibbeha County, MS | 108 W Main St | Starkville, MS 39759 | Concluded |
| 7.134 | Luisa Marquez, as Power of Attorney for Julio Marquez v. 15204 West Colonial Drive Operations, LLC; Consulate Management Company, LLC; CMC II, LLC; LaVie Care Centers, LLC | 2017-CA-001207-O | Professional Liability | Circuit Court for Orange County, FL | 425 N. Orange Avenue | Orlando, FL 32801 | Concluded |

| ID | Case Title | Case # | Nature of Case | Court or Agency's Name | Court or Agency's Address | Court or Agency's City, State Zip | Status of Case (Pending / On Appeal / Concluded) |
|---|---|---|---|---|---|---|---|
| 7.135 | Marie Fox, by and through Patricia Cook, Attorney in Fact v Bayonet Point Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA003548CAAXWS | Professional Liability | Circuit Court for Pasco County, FL | 7530 Little Road | New Port Richey, FL 34654 | Concluded |
| 7.136 | Marie Theaunie Francis by and through Ronelda Francis, Attorney-in-Fact v. Kissimmee Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017 CA 001750 ON | Professional Liability | Circuit Court for Osceola County, FL | 2 Courthouse Square | Kissimmee, FL 34741 | Concluded |
| 7.137 | Mark Snell as Personal Representative for Elcie Barker v. Lake Parker Facility Operations, LLC; CMC II, LLC; LV CHC Holdings I, LLC; Consulate Management Company, LLC | 2018-CA-5178 | Professional Liability | Circuit Court for Orange County, FL | 425 N. Orange Avenue | Orlando, FL 32801 | Concluded |
| 7.138 | Martha M. Wood by and through James Abercrombie v. 1010 Carpenter's Way Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2017CA-000575-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.139 | Mary Jewell for William Jewell, deceased v Winter Haven Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA-003060-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.140 | Mattie Harris v. 702 South Kings Avenue Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 17-CA-001391 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |
| 7.141 | Mayra Weld on behalf of Margarita Weld v. Brandon Facility Operations, LLC; CMC II, LLC; Consulate Management Company, LLC; LaVie Care Centers, LLC and LV CHC Holdings I, LLC | | Professional Liability | | | | |
| 7.142 | Mindy Eisner as PR of the Estate of Candace Lynn Stanish v. New Port Richey Facility Operations, LLC; LV CHC Holdings I, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC and Daniel Frenden | | Professional Liability | | | | Concluded |
| 7.143 | Norma Hidalgo as Administratrix of Estate of Clemencia Ariza v. Riley Healthcare, LLC; Consulate Health Care, LLC; CMC II, LLC; Centennial Healthcare Holding Company, LLC; Alisha Hopkins; J. Culpepper and Sabrina Johnson | 20 CV 081(BB) | Professional Liability | Circuit Court for Lauderdale County, Mississippi | 2100 9th St | Meridian, MS 39301 | Concluded |
| 7.144 | Patricia Dixon Wells by and through Patricia Hunt, Attorney in Fact v 1010 Carpenters Way Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 2017CA-001613-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.145 | Patricia Homjak v Winter Haven Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA-003062-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.146 | Patti Scott Executor of the Estate of Ray Ronald Mangle v. Consulate Health Care, LLC; LaVie Care Centers, LLC; Locust Grove Facility Operations, LLC; LV CHC Holdings I, LLC; Consulate Management Company, LLC; Consulate Facility Leasing, LLC; Consulate Fa | 59-2013 | Professional Liability | Court of Common Pleas for Juniata County, PA | 26 N. Main Street | Mifflintown, PA 17059 | Concluded |
| 7.147 | Paula Johnson, Administratrix of Estate of Roy Gene Johnson v. Parkview HealthCare, LLC; Centennial Healthcare Holding Company, LLC; Centennial Healthcare Properties, LLC; Centennial Healthcare Corporation; Centennial Healthcare Management Corporation; Centennial Master Tenant, LLC; Centennial Master Subtenant, LLC; CMS II, LLC; Consulate Management Company, LLC; Formation Capital, LLC; Vicki Bradley-Steege | MRP-2018-0184 | Professional Liability | Circuit Court for Pike County, KY | 175 Main St., PO Box 1002 | Pikeville, KY 41502 | Concluded |
| 7.148 | Rhonda Mullins as Executrix of Estate of Joyce Avonelle Damron v Parkview Healthcare, LLC; Shoreline Healthcare Management, LLC; Coastal Administrative Services, LLC; Centennial Healthcare Holdings Co, LLC; Centennial Healthcare Management Corporation; Consulate Management Company, LLC; Linda Damron | 16-CI-214 | Professional Liability | Circuit Court for Pike County, KY | 175 Main St., PO Box 1002 | Pikeville, KY 41502 | Concluded |
| 7.149 | Richard John Brown v.3110 Oakbridge Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; and Consulate Management Company, LLC | 2017CA000977000000 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.150 | Robert A. Lee by and through Robert E. Lee, Attorney in Fact v. Vero Beach Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 31 2016 CA 000044 | Professional Liability | Circuit Court for Indian River County, FL | 2000 16th Ave | Vero Beach, FL 32960 | Concluded |
| 7.151 | Robert J. Patt v 12170 Cortez Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016-CA-896 | Professional Liability | Circuit Court for Hernando County, FL | 20 North Main Street | Brooksville, FL 34601 | Concluded |
| 7.152 | Ronald Holmes as Personal Representative of the Estate of Bertha Holmes v Melbourne Facility Operations, LLC; CMC II, LLC; Consulate Management Company and LV CHC Holdings I, LLC | 05-2017-CA-019672 | Professional Liability | Circuit Court for Brevard County, FL | Moore Justice Center, 2825 Judge Fran Jamieson Way | Viera, FL 32940-8006 | Concluded |
| 7.153 | Ruth Ann Dugan by and through Rosemarie Caseman, Attorney-in-Fact v. 3110 Oakbridge Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA-002642-0000-00 | Professional Liability | Circuit Court for Polk County, FL | 255 N. Broadway Ave. | Bartow, FL 33830 | Concluded |
| 7.154 | Sandra Kenley individually & Guardian of George Kenley v. Brownsboro Hills Healthcare, LLC; Centennial Healthcare Holding Company, LLC; Centennial Healthcare Properties, LC; CMC II, LLC; Centennial Master Tenant, LLC; Consulate Management Company, LLC; Tr | 15CI04844 | Professional Liability | Circuit Court for Jefferson County, KY | 700 W Jefferson St | Louisville, KY 40202 | Concluded |
| 7.155 | Sandra Masters v. New Port Richey Facility Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC; Consulate Management Company, LLC | 2016CA002748CAAXWS | Professional Liability | Circuit Court for Pasco County, FL | 7530 Little Road | New Port Richey, FL 34654 | Concluded |
| 7.156 | Sharon Miller as Admin of Estate of Sutterphine Miller v. Glenburney Healthcare, LLC; Centennial Healthcare Holding Company, LLC; CMC II, LLC; Consulate Health Care, LLC | 19-KV-0053-B | Professional Liability | Circuit Court for Adams County, MS | 314 State Street | Natchez, MS 39120 | Concluded |

SOFA 7 ATTACHMENT

Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| ID | Case Title | Case # | Nature of Case | Court or Agency's Name | Court or Agency's Address | Court or Agency's City, State Zip | Status of Case (Pending / On Appeal / Concluded) |
|---|---|---|---|---|---|---|---|
| 7.157 | Sherry Lynn Hite, as Executrix of Estate of Julia Harvey v. Brownsboro Hills HealthCare, LLC; Centennial Healthcare Holding Company, LLC; Centennial Healthcare Properties, LLC; CMS II, LLC d/b/a CMC II, LLC; Centennial Master Tenant, LLC; Consulate Manage | 17-CI-002990 | Professional Liability | Circuit Court for Jefferson County, FL | 1 Courthouse Cir | Monticello, FL 32344 | Concluded |
| 7.158 | Steven Sutphin by and through Diana Clark, Attorney-in-Fact v 12170 Cortez Boulevard Operations, LLC; CMC II, LLC; LaVie Care Centers, LLC and Consulate Management Company, LLC | 17000344CAAXMX | Professional Liability | Circuit Court for Hernando County, FL | 20 North Main Street | Brooksville, FL 34601 | Concluded |
| 7.159 | Sue Ann Hunter, as Administratrix of Estate of Jack Walters v. Brownsboro Hills Healthcare, LLC; Centennial Healthcare Holding Company, LLC; Centennial Healthcare Properties, LLC; Centennial Master Tenant, LLC; Coastal Adminitrative Services, LLC; Shoreline Healthcare Management, LLC; CMS II, LLC; Consulate Management Company, LLC; Terry W. Willis, Jr. | 14 CI 004372 | Professional Liability | Circuit Court for Jefferson County, KY | 700 W Jefferson St | Louisville, KY 40202 | Concluded |
| 7.160 | Theresa Moss Brown PR of the Estate of Lilyan Armstrong | 2017-CA-1061 | Professional Liability | Circuit Court for Clay County, FL | 825 N Orange Ave | Green Cove Springs, FL 32043 | Concluded |
| 7.161 | Victor Jimenez and Annette Jimenez, his wife v 702 South Kings Avenue Operations, LLC; CMC II, LLC and Consulate Management Company, LLC | 17-CA-009971 | Professional Liability | Circuit Court for Hillsborough County, FL | 800 E. Twiggs St. | Tampa, FL 33602 | Concluded |

Fill in this information to identify the case:

Debtor name: **Consulate Management Company, LLC**

United States Bankruptcy Court for the: **District of Delaware**

Case number: **21-10465**

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
04/12/2021
_____

_____                                    Paul Rundell
Signature of individual signing on behalf of debtor            Printed name

Chief Restructuring Officer
_____
Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☐ No
☑ Yes